**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ZEJUN LEI,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>　　　　　　Respondent. | No. 21-70960<br><br>Agency No. A208-430-047<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2022[**]
San Francisco, California

Before:  McKEOWN and W. FLETCHER, Circuit Judges, and VRATIL,[***]
District Judge.

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　　The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]　　The Honorable Kathryn H. Vratil, United States District Judge for the District of Kansas, sitting by designation.

Zejun Lei ("Petitioner"), a native and citizen of China, petitions for review of the Board of Immigration Appeals's ("BIA") dismissal of his appeal of the Immigration Judge's ("IJ") denial of asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  "We review 'denials of asylum, withholding of removal, and CAT relief for substantial evidence,'" *Guo v. Sessions*, 897 F.3d 1208, 1212 (9th Cir. 2018) (quoting *Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017)), and we deny the petition.

Substantial evidence supports the denial of asylum because Petitioner has not shown past persecution or a well-founded fear of future persecution.  "Persecution is an extreme concept and has been defined as the infliction of suffering or harm in a way regarded as offensive."  *Kaur v. Wilkinson*, 986 F.3d 1216, 1222 (9th Cir. 2021) (internal quotation marks and ellipsis omitted).  We have held that detention and physical beating on one occasion, with no medical treatment or adverse employment consequences, are not sufficient to establish persecution.  *Gu v. Gonzales*, 454 F.3d 1014, 1020 (9th Cir. 2006).  Petitioner has not suffered past persecution.  While found credible, he alleged only one incident, in which he was detained for ten hours and did not suffer any injuries requiring medical treatment.  Further, although Petitioner signed a notice of punishment

2

while detained, his religious freedom was not sufficiently restricted to constitute persecution. *Compare Gu*, 454 F.3d at 1017–18, 1020–21, *with Guo*, 897 F.3d at 1215–16.

Substantial evidence supports the finding that Petitioner failed to show a well-founded fear of future persecution. "Absent evidence of past persecution, [an applicant] must establish a well-founded fear of future persecution by showing both a subjective fear of future persecution, as well as an objectively reasonable possibility of persecution upon return to the country in question." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1029 (9th Cir. 2019) (internal quotation marks omitted). Petitioner left China in January 2015, and has not provided evidence that the Chinese authorities are still interested in him. He was released from his one-time detention without being required to report back to the police on a regular basis. His former wife has been able to attend church activities without harassment. Petitioner thus failed to show a well-founded fear of future persecution.

For the same reasons, substantial evidence supports the denial of withholding of removal. *Davila v. Barr*, 968 F.3d 1136, 1142 (9th Cir. 2020) ("An applicant who fails to satisfy the lower standard for asylum necessarily fails to satisfy the more demanding standard for withholding of removal.").

Petitioner does not articulate any argument in support of CAT relief in his briefs. His challenge of the denial of CAT protection is therefore waived. *Cui v. Holder*, 712 F.3d 1332, 1338 n.3 (9th Cir. 2013) ("Because [the petitioner] does not address withholding or CAT relief in his brief, he waived any objections to the denial of these requests.").

**PETITION DENIED.**